# New York Marine Court.

*Special Term—February,* 1882.

## BOARD OF COMMISSIONERS OF PUBLIC CHARITIES AND CORRECTION OF THE CITY OF NEW YORK *against* FRANCIS HENDERSON.

A plaintiff's attorney is liable for costs only in the cases prescribed in section 3268 of the Code, or, in other words, only in the cases in which the defendant is entitled as matter of right to security for costs.

Commissioners of Charities, &c. *v*. Henderson.

This is a motion to make William H. Mundy personally liable for the costs of the action upon the ground that E. M. Rillings, the relator on whose information the action was commenced, was a non-resident of the county.

*E. P. Wilder*, for the motion.

*Algernon S. Sullivan*, opposed.

McADAM, J.—The plaintiff's attorney is liable for the defendant's costs to an amount not exceeding $100, until security is given, in all cases where a defendant is entitled as of right to require security for costs, as prescribed in section 3268 of the Code (*Code Civ. Pro.* § 3278). The only portion of section 3268 claimed to be applicable to this case, is that which relates to plaintiffs who are non-residents of the county. It is not claimed that the board whose name appears in the title of the action as the plaintiff is a non-resident, but it is insisted by the defendant that E. M. Rillings, on whose relation the action was commenced, is to be regarded as the plaintiff for all the purposes of this motion. I cannot assent to this interpretation of the law. The term plaintiff has a well-defined meaning. It designates the person in whom the cause of action is vested (2 *Bouvier*, 339), while the term relator, as applied to legal proceedings, is a creature of the statute (*Id.* 439). The cause of action belonged to the board, and the relator was the mere informer on whose information the action was commenced. It is true that under section 3271 the relator, as a person authorized by statute to sue, might, in the discretion of the court, be required to give security for costs, but no personal liability is imposed upon the attorney in such discretionary cases upon the failure of the client to give the required security. The only penalty imposed therein is a stay of further proceedings, which is followed in

case of ultimate non-compliance with a dismissal of the complaint (*Code,* § 3277). Section 3278 (*supra*) is highly penal in its character, and cannot be enlarged by construction so as to bring within it a class of cases which its language does not comprehend. It follows, therefore, that there is no legal ground upon which the attorney can be personally held for the defendant's costs under any of the provisions to which I have referred, and that the motion to make him liable therefor must, in consequence, be denied. No costs.